**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STEPHANIE ODLE, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:11-cv-2954-O** |
| | § | |
| **WAL-MART STORES INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiffs' Motion to Certify for Interlocutory Review, for Stay of Proceedings Pending Interlocutory Appeal, and for Entry of Partial Final Judgment Pursuant to Rule 54(b) (ECF No. 40); Defendant's Response (ECF No. 42); and Plaintiffs' Reply (ECF No. 43). Having considered the pleadings and the applicable law, the Court finds that Plaintiffs' Motion should be and is hereby **GRANTED IN PART** and **DENIED AS MOOT IN PART**.

## I.    BACKGROUND

Plaintiff Stephanie Odle and six other named plaintiffs filed this suit on behalf of themselves and all others similarly situated on October 28, 2011, alleging that they were "subjected to gender discrimination as a result of specific policies and practices in Wal-Mart's regions located in whole or in part in Texas." Pls.' First Am. Compl. ¶ 3, ECF No. 10. Previously, the named plaintiffs were class members in a national class action filed in the Northern District of California. *Id.* ¶ 1; *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011). The Supreme Court reversed the district

court's class certification order, finding that Plaintiffs did not satisfy Rule 23's commonality requirement. *Dukes*, 131 S. Ct. at 2555-56.

After the Supreme Court's decision, named Plaintiff Stephanie Odle filed this class action on behalf of herself and all others similarly situated on October 28, 2011. *See generally* Original Compl., ECF No. 1. Plaintiffs amended the complaint and Defendant filed its Motion to Dismiss in Part Plaintiffs' First Amended Complaint or in the Alternative to Strike Class Claims. *See generally* Pls.' First Am. Compl., ECF No. 10; Def.'s Mot. Dismiss, ECF No. 16. Plaintiffs' main argument against dismissing the class claims based on the statute of limitations was that two recent Supreme Court cases, *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 130 S. Ct. 1431 (2010) and *Smith v. Bayer Corp.*, 131 S. Ct. 2368 (2011), support tolling the statute of limitations for Plaintiffs' class claims and allow application of *American Pipe* tolling in a successor class action. Pls.' Resp. Def.'s Mot. Dismiss 15–21, ECF No. 25.

The Court disagreed with Plaintiffs' argument and granted in part Defendant's Motion to Dismiss, specifically finding that the class action claims did not benefit from *American Pipe* tolling and thus were barred by limitations. *See* Order 4–16, Oct. 15, 2012, ECF No. 36. In addition, the Court found the individual claims of Stephanie Odle were untimely, and her claims were dismissed with prejudice. *See id.* at 17–18. Plaintiffs then filed their motion requesting this Court certify for interlocutory review the issue of tolling, which was central to the ruling granting Defendant's motion to dismiss. Pls.' Mot. Certify, ECF No. 40. Defendant filed its Response and Plaintiffs filed their reply. Def.'s Resp., ECF No. 41; Pls.' Reply, ECF No. 42. Accordingly, Plaintiffs' motion is ripe for consideration.

## II.    PRELIMINARY MATTERS

First, Plaintiffs request that the Court enter a stay pending resolution of the appeal.  Pls.'
Mem. Supp. Mot. Certify 13–14, ECF No. 40-1.  However, as Defendant notes, the Court has already
issued an order staying proceedings pending resolution of plaintiffs' motion.  *See* Order, Nov. 6,
2012, ECF No. 41; Def.'s Resp. 10, ECF No. 42.   Accordingly, Plaintiffs' request to stay
proceedings is **DENIED AS MOOT**.

 Plaintiffs also request that the Court issue a separate judgment against named Plaintiff Odle
pursuant to Federal Rule of Civil Procedure 54(b).  Pls.' Mem. Supp. Mot. Certify 16–17, ECF No.
40-1.   Defendant has no objection to this entry of a separate judgment.  Def.'s Resp. 11, ECF No.
42.  The Court finds there is no just reason for delay in entering a final judgment against Odle and
thus it is proper under Rule 54(b).  Accordingly, Plaintiffs' motion for entry of separate judgment
against Ms. Odle should be and is hereby **GRANTED**.  The final judgment as to Plaintiff Odle will
be issued in a separate order.

The only issue left for determination is whether this court should certify the tolling issue for
interlocutory review.  The Court addresses this issue below.

## III.   LEGAL STANDARD

After issuing an order not otherwise appealable, a district judge may certify an interlocutory
appeal when (1) a controlling question of law is involved, (2) there is substantial ground for
difference of opinion about the question of law, and (3) immediate appeal will materially advance
the ultimate termination of the litigation.  *See* 28 U.S.C. § 1292(b) (2006); *Rico v. Flores*, 481 F.3d
234, 238 (5th Cir. 2007) (citing 28 U.S.C. § 1292(b)).   Permission to appeal under § 1292(b) is
sparingly granted and the Fifth Circuit disfavors interlocutory appeals and allows certification only
in "exceptional" cases.  *See, e.g.*, *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985).  "The

decision to certify an interlocutory appeal pursuant to section 1292(b) is within the discretion of the trial court and unappealable." *In re Air Crash Disaster*, 821 F.2d 1147, 1167 (5th Cir. 1987).

## IV.    ANALYSIS

Defendant agrees with Plaintiffs that the Court's ruling dismissing the class claims as time-barred meets the first and third criteria required to certify an interlocutory appeal; specifically, the parties agree that (1) a controlling question of law is involved and (2) an immediate appeal will materially advance the ultimate termination of the litigation. Def.'s Resp. 4, ECF No. 42. The Court also agrees and thus finds the first and third criteria satisfied. Accordingly, the only issue in need of determination is whether there is substantial ground for difference of opinion.

Plaintiffs argue that the tolling issue falls within the ambit of cases where a substantial ground for difference of opinion has been recognized. Pls.' Mem. Supp. 5–16, ECF No. 40-1. They also argue there is substantial ground for difference of opinion on the extent of *American Pipe* tolling in light of recent Supreme Court authority—namely, *Shady Grove* and *Smith*—and that other courts have recognized that these cases have an effect on tolling. *See id*. Defendants contend that the law is clear and distinguish cases that Plaintiffs contend recognize the effect *Shady Grove* and *Smith* have on *American Pipe* tolling. Def.'s Resp. 4–10, ECF No. 42.

In determining whether there is substantial ground for difference of opinion, Courts have varied in their approach. *Adhikari v. Daoud & Partners*, No. 09-CV-1237, 2010 WL 744237, at *2 (S.D. Tex. Mar. 1, 2010). "They have generally found that there is a substantial ground for difference of opinion . . . 'if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point . . . or if novel and difficult questions of first impression are presented.'" *Id.* (quoting *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723–24 (N.D. Tex. 2006)).

"The level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case." *Id.* (citing 16 Charles Allen Wright, et al., Federal Practice & Procedure: Jurisdiction and Related Matters § 3930 (2d ed.)).

Here, the Court finds that there is substantial ground for difference of opinion. While courts do not agree what affect recent Supreme Court precedent has on successor class actions, or more specifically *American Pipe* tolling with successor class actions, some courts have found that these cases have an affect. *See, e.g.*, *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 564 (7th Cir. 2011) ("To the extent that the eleventh circuit may believe that Rule 23 must be set aside when a suit's timeliness depends on a tolling rule, that view cannot be reconciled with the Supreme Court's later decision in *Shady Grove* . . . ."); *Hershey v. ExxonMobil Oil Corp.*, 278 F.R.D. 617, 622 (D. Kan. 2011) (discussing the application of tolling in a successor class action whether certification was granted or denied in the prior class action and stating that *American Pipe*'s principle that the class action is a representative creature is reflected in *Shady Grove*); *Villanueva v. Davis Bancorp., Inc.*, No. 09-C-7826, 2011 U.S. Dist. LEXIS 103473, at *7–8 (N.D. Ill. Sept. 13, 2011) (discussing whether *American Pipe* tolling can apply to second class action when prior class action ended in settlement, and citing *Smith* for the proposition that "the way in which courts analyze successive class action suits brought under Federal Rule of Civil Procedure 23 is evolving").

Although this Court believes its previous decision granting Defendant's motion to dismiss was correct, it still finds that there is substantial ground for difference of opinion. Accordingly, the Court finds all three criteria under § 1292(b) are satisfied and thus certifies this question for interlocutory review.

IV.     **CONCLUSION**

For the reasons stated above, the Court finds that Plaintiffs' Motion should be **GRANTED IN PART** and **DENIED AS MOOT IN PART**.

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Certify for Interlocutory Review is **GRANTED**.  It is further **ORDERED** that Plaintiffs' Motion for Entry of Partial Final Judgment pursuant to Rule 54(b) is **GRANTED**.  It is further **ORDERED** that Plaintiffs' Motion for Stay of Proceedings Pending Interlocutory Review is **DENIED AS MOOT**.

**SO ORDERED** on this **7th day** of **January, 2013.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**